**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-md-02666-JNE-DTS |
| This Document Relates to the Following Case: *Wolfe*, 25-cv-1940 | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiffs Robert and Bila Wolfe filed an Amended Complaint ("Am. Compl." Dkt. 7) without seeking leave of Court and without 3M's written consent. That filing violates Federal Rule of Civil Procedure 15 and the pretrial orders that have governed pleading practice in this MDL for a decade. Rule 15 expressly requires Court permission or opposing party consent for amendments filed more than 21 days after the answer and does not contemplate amendment as a matter of course in response to a motion for judgment on the pleadings. Pretrial Order No. 8 grants individual plaintiffs the right to amend only "upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order." Plaintiffs made no such showing.

Plaintiffs' unilateral filing rests, explicitly or implicitly, on the premise that the master pleadings are not operative and that the pleadings in this case therefore never closed. This Court has already rejected that premise. In the June 5, 2026 Order and Report and Recommendation in *Hugo* (MDL Dkt. 3445), which was subsequently adopted by the Court (MDL Dkt. 3680), Magistrate Judge Schultz found that the Master Long Form Complaint and Short Form Complaints function together as the operative pleadings and that PTO 8 "does not grant plaintiffs an automatic right to amend their complaints at any time." The Court has likewise repeatedly treated the Master Answer as closing the pleadings in cases where 3M filed no case-specific answer, and the parties have operated under that shared understanding for more than a decade. To permit Plaintiffs' amendment would disrupt the established procedures in this MDL, invite additional unauthorized amendments and responsive pleadings across thousands of cases, and nullify the efficiencies the master-pleading structure was designed to achieve. Defendants 3M Company and Arizant Healthcare Inc. (collectively, "3M") respectfully request that the Court strike the Amended Complaint from the record.

## BACKGROUND

### I. The Court-Approved Master Pleading Structure

Early in this MDL, and with the parties' input, the Court entered Pretrial Order No. 4 (MDL Dkt. 27, "PTO 4"). PTO 4 required the Master Long

Form and Master Short Form Complaints to be filed and served on or before April 29, 2016 (PTO 4 ¶ 3); permitted answers to the Master Long Form Complaint no later than July 8, 2016 (*id.* ¶ 5); and provided that "Plaintiffs may amend the Master Long Form and Master Short Form Complaints without leave of Court on or before July 29, 2016" (*id.* ¶ 7). PTO 4 further provided that its schedule "may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3," and directed the parties to comply with the Federal Rules of Civil Procedure and the Local Rules. (*Id.* at 1.)

The Court subsequently entered Pretrial Order No. 8 (MDL Dkt. 46, "PTO 8"), which governs "all individual personal injury Complaints" filed directly in or transferred to the MDL. (PTO 8 ¶ 1.) PTO 8 provides that all allegations pled in the Master Long Form Complaint "are deemed pled, and all parties named therein are deemed named, in any previously filed Complaint and in any Short Form Complaint hereafter filed, *nunc pro tunc*, to the date each such Complaint was originally filed." (*Id.* ¶ 2.) It directs Plaintiffs filing directly in the MDL to file Short Form Complaints "[i]n the interests of judicial economy." (*Id.* ¶ 4.) It stays "[m]otion practice on the individual personal injury Complaints and future Answers," which "may proceed only according to Pretrial Order No. 4 or upon leave of the Court." (*Id.* ¶ 5.) And it provides that Plaintiffs may file and serve an Amended Complaint only "upon the showing

required by the relevant Federal Rules of Civil Procedure and any applicable court order." (*Id.* ¶ 6.)

Plaintiffs filed the amended Master Long Form Complaint (MDL Dkt. 97, "Master Complaint") on August 24, 2016. The Master Complaint itself acknowledges that, "[i]n accordance with Pretrial Order #4, Plaintiffs may amend this Master Long Form Complaint as a matter of right on or before July 29, 2016." (Master Compl. at 1.) 3M filed its Master Answer (MDL Dkt. 105) on August 31, 2016. The Master Answer denies the allegations of the Master Complaint and denies that the Bair Hugger system "caused injury or damage to Plaintiffs," and it expressly provides: "To the extent the allegations in the Master Complaint are incorporated into all complaints previously filed directly in or transferred to this MDL proceeding, as well as any complaints that may in the future be filed directly in or transferred to this MDL proceeding, 3M's Master Answer is intended to respond to the same." (Master Answer at 1-2.)

The Court's subsequent amended scheduling orders confirm that the period for amendment without leave is closed. Pretrial Order No. 17 (MDL Dkt. 175) reiterated that "Plaintiffs could amend the Master Long Form and Master Short Form Complaints without leave of Court on or before July 29, 2016" (PTO 17 ¶ 4), and that the schedule "may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3" (*id.* at 1). Pretrial Order No. 22 (MDL Dkt. 700), the Fifth Amended Scheduling Order, likewise

confirmed that motions to amend to add punitive damages "were due April 21, 2017," and again provides that the schedule "may be modified only upon a showing of good cause as required by Local Rule 16.3." (PTO 22 at 1 & ¶ 8.) None of these orders authorizes an individual Plaintiff to amend unilaterally.

## II. The Court Has Repeatedly Confirmed That the Master Pleadings Are Operative

For a decade, the parties and the Court have operated under the shared understanding that the Master Answer responds to all Short Form Complaints and that 3M is not required to file individual answers. Consistent with that understanding, the Court held that a plaintiff's unilateral notice of voluntary dismissal filed after the Master Answer was "ineffective" under Rule 41(a)(1)(A)(i). (MDL Dkt. 2448 at 36-37.) More recently, Magistrate Judge Schultz recommended granting twelve Rule 12(c) motions filed by 3M based on statutes of limitations and repose. (MDL Dkts. 3537, 3445, 3447, 3448, 3449, 3543, 3546, 3556, 3562, 3563, 3571, 3573.) In all of the cases subject to those motions, 3M relied on the Master Answer to "close the pleadings" and did not file individual answers to the Short Form Complaints. The Court accepted all those R&Rs based on its *de novo* review, finding no legal error. (MDL Dkts. 3639, 3642, 3647, 3680, 3681, 3682, 3684, 3687, 3690, 3694, 3695.)

In *Hugo*, the Court expressly rejected the argument that the master pleadings are mere "administrative devices" and that the pleadings therefore

were not "closed" for Rule 12(c) purposes.[1] (MDL Dkt. 3445 at 5-10; MDL Dkt. 3680.) The Court held that "the Master Long Form and individual Short Form Complaints are not mere 'administrative devices,'" and that PTO 8 "does not grant plaintiffs an automatic right to amend their complaints at any time. Rather, it simply confirms that plaintiffs may seek leave to amend under the Federal Rules." (MDL Dkt. 3445 at 8-9.)

## III. Plaintiffs' Case and the Unauthorized Amended Complaint

On May 1, 2025, Plaintiffs initiated this case by direct-filing a Short Form Complaint in this MDL. (Dkt. 1.) The Short Form Complaint was specifically filed pursuant to Pretrial Order No. 8, (*see* Dkt. 1 ¶ 1), and therefore incorporates and pleads the allegations contained in the Master Long Form Complaint. As such, the Master Answer—which was already on file when Plaintiffs initiated this lawsuit—serves as the responsive pleading.

On October 22, 2026, 3M filed its Omnibus Partial Motion for Judgment on the Pleadings ("MJOP"), seeking dismissal of certain claims brought by 52 Plaintiffs, including Plaintiffs Robert and Bila Wolfe. (MDL Dkts. 3847, 3848.) In response to the MJOP, and without obtaining the Court's leave or

[1] Hugo did not argue that the pleadings were not "closed" because 3M had failed to answer; instead, he argued that the Master Complaint and Short Form Complaint were merely "administrative" and that the pleadings did not close until the plaintiff filed a long-form complaint at a time of his choosing. (*See* MDL Dkt. 3445 at 4-8.)

permission from 3M, Plaintiffs filed the Amended Complaint on November 13, 2026. (Dkt. 7.) Because the Amended Complaint is procedurally improper, the Court should strike it.

## LEGAL STANDARD

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15, which permits a party to amend its pleading once as a matter of course "no later than" 21 days after serving it, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

An amended complaint filed without the required leave or consent is procedurally improper and should be stricken. *See Core & Main, LP v. McCabe*, No. 21-CV-1512 (WMW/DLM), 2023 WL 7017781, at *2–3, *5 (D. Minn. Oct. 25, 2023) (granting motion to strike amended complaint filed without leave nearly two years late); *Cahoon v. L.B. White Co., Inc.*, No. 19-CV-0155 (WMW/ECW), 2019 WL 3719413, at *3 (D. Minn. Aug. 7, 2019) (striking as procedurally improper an amended complaint filed without leave of court or opposing party consent).

## ARGUMENT

### I. The Amended Complaint Violates Rule 15.

Plaintiffs' time to amend as a matter of course expired long ago. More than 21 days passed between the filing of Plaintiffs' Short Form Complaint on May 1, 2025, and the filing of the Amended Complaint on November 13, 2026. Likewise, more than 21 days passed between when the Master Answer became the responsive pleading in this case—which occurred upon filing of the Short Form Complaint—and when the Amended Complaint was filed. No motion under Rule 12(b), (e), or (f) has been served that could have opened a new window for amendment as a matter of course under Rule 15(a)(1)(B).

To the extent Plaintiffs contend that 3M's Rule 12(c) motion revived a right to amend as a matter of course, the plain text of Rule 15 forecloses that position. Rule 15(a)(1)(B) addresses only motions under Rule 12(b), (e), or (f); it does not mention Rule 12(c). *See Glob. Commodities, Inc. v. Cap. Distributors LLC*, No. 24-CV-00216 (JMB/EMB), 2025 WL 2926966, at *2 n.1 (D. Minn. Oct. 15, 2025) (Rule 15(a)(1)(B) "plainly does not contemplate an amendment as a matter of right in response to motions for judgment on the pleadings under Rule 12(c)"); *Dixon v. United States*, 158 Fed. Cl. 80, 84 (2022) (same, under substantively identical Rule of the Court of Federal Claims). In any event, because the Master Answer was deemed filed as the responsive pleading when

Plaintiffs filed their Short Form Complaint, the "whichever is earlier" clause of Rule 15(a)(1)(B) means that no later Rule 12 motion could restart the clock.

Plaintiffs therefore could amend only with 3M's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). They obtained neither.

## II. The Amended Complaint Violates the Governing Pretrial Orders.

### A. PTO 4, PTO 17, and PTO 22 Closed the Window for Amendment Without Leave in 2016.

The only provision in this MDL's pretrial orders permitting amendment "without leave of Court" is PTO 4, and that authorization expired on July 29, 2016. (PTO 4 ¶ 7.) PTO 17 recited that expiration in the past tense—Plaintiffs "could amend … without leave of Court on or before July 29, 2016"—and set a separate, now-expired deadline for any motion to amend to add punitive damages. (PTO 17 ¶¶ 4, 11.) PTO 22 again confirmed that the punitive-damages amendment deadline had passed. (PTO 22 ¶ 8.) Each of these orders provides that the schedule may be modified only upon "a showing of good cause as required by Local Rule 16.3." (PTO 4 at 1; PTO 17 at 1; PTO 22 at 1.) Plaintiffs have not moved to modify the schedule, much less shown good cause. Even the Master Complaint concedes that the right to amend "as a matter of right" existed only "on or before July 29, 2016." (Master Compl. at 1.) Plaintiffs' unilateral amendment is an end-run around these Court-ordered limits and should be rejected.

### B. PTO 8 Conditions Any Amendment on the Showing Required by the Federal Rules.

PTO 8 does not supply the authority Plaintiffs need. It preserves the right to file an Amended Complaint only "upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order." (PTO 8 ¶ 6.) As this Court has held, that provision "does not grant plaintiffs an automatic right to amend their complaints at any time," but "simply confirms that plaintiffs may seek leave to amend under the Federal Rules," and "can at most be read to mean that a plaintiff need only satisfy the requirements of Rule 15, and not Rule 16, when seeking such leave." (MDL Dkt. 3445 at 9.) Plaintiffs did not seek leave and made no showing under Rule 15. Nor do the PTOs' references to "administrative devices" help them: as the Court explained, the Master Long Form and Short Form Complaints function together as the operative pleading, and those individualized allegations "have legal significance." (*Id.* at 6-8.)

PTO 8 also stays motion practice on individual complaints, which "may proceed only according to Pretrial Order No. 4 or upon leave of the Court." (PTO 8 ¶ 5.) That structure confirms that case-specific pleading activity in this MDL proceeds under the Court's supervision, not at the unilateral election of individual Plaintiffs. It would make little sense for the Court to require leave

before 3M may engage in motion practice directed at individual complaints, while permitting Plaintiffs to rewrite those complaints at will.

## III. The Master Answer Is a Responsive Pleading That Closed the Pleadings.

To the extent Plaintiffs believe that amendment is permissible because the Master Answer is not a responsive pleading, that premise is wrong. Short Form Complaints, which incorporate the Master Complaint, are operative pleadings. (MDL Dkt. 3445 at 6-8.) The Master Answer expressly responds to all complaints that incorporate the Master Complaint. (Master Answer at 1-2.) That includes Plaintiffs' Short Form Complaint and every other Short Form Complaint filed in this MDL. The Master Answer is therefore a "responsive pleading" that commenced the 21-day period for amendment as a matter of course under Rule 15(a)(1)(B). *See McDonald v. Overnite Express*, No. CV 08-5069 (JNE/JSM), 2009 WL 10711497, at *2 (D. Minn. June 18, 2009) ("an answer to a complaint is a responsive pleading" for purposes of Rule 15). There is no requirement in the Federal Rules (or anywhere else) that a responsive pleading be filed after the complaint to which it responds. *See* Fed. R. Civ. P. 7(a) (defining the pleadings without reference to sequence).

It has been the common understanding in this MDL that Short Form Complaints and the Master Answer constitute operative pleadings. This Court's orders confirm that understanding. The Court found a notice of

voluntary dismissal filed after the Master Answer "ineffective" under Rule 41(a)(1)(A)(i), implicitly concluding that the Short Form Complaint had been answered. (MDL Dkt. 2448 at 37.) And the Court has granted Rule 12(c) motions—which may be brought only "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c)—in many cases in which 3M relied solely on the Master Answer. (*See, e.g.*, MDL Dkts. 3639, 3642, 3647, 3680, 3681, 3682, 3684, 3687, 3690, 3694, 3695.) The pleadings are "closed" once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005); *Hesford v. Jefferson Capital Sys.*, No. 18-CV-100-CJW, 2019 WL 124823, at *1 (N.D. Iowa Jan. 7, 2019) (citing authorities). Because PTO 8 stayed "future Answers" except as provided in PTO 4, and PTO 4 set a deadline only for answering the Master Complaint, no individual answers were contemplated or required. (PTO 8 ¶ 5; PTO 4 ¶ 5.) The Master Answer closed the pleadings in every case, and construing it as anything other than an operative responsive pleading would be inconsistent with this common understanding.

## IV. Permitting Unauthorized Amendments Would Prejudice 3M and Disrupt the MDL.

Permitting Plaintiffs and others in this MDL to unilaterally amend would upend the established pleading structure and undermine the efficiencies that structure serves. Courts have acknowledged the important role of substantive master pleadings in an MDL. *See generally Gelboim v. Bank of Am.*

*Corp.*, 574 U.S. 405, 413 n.3 (2015) (explaining that, in an MDL, the "[p]arties may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings"). For example, in *Gore v. Sanofi-Aventis U.S. L.L.C.*, No. 1:23-CV-716, 2024 WL 3564841, at *6 (S.D. Ohio July 24, 2024), a case on remand from the *In re Taxotere (Docetaxel)* MDL, the plaintiff moved to amend her complaint, asserting in relevant part that the defendant would not be prejudiced by the amendment given that it "had not yet answered her specific [Short Form Complaint]." The court rejected that argument on the ground that it "overlooks the role of [the defendant's] master answer," which "responds to all MDL plaintiffs' allegations in one fell swoop," "avoids significant duplication of work and serves as an efficient, time-saving case-management device." *Id.* The court emphasized that "allowing [the defendant] to file one responsive pleading that applies to all complaints . . . avoids the inherent pretrial delays that would occur had [the defendant] needed to review individualized complaints" and file individualized responses. *Id.* Likewise here, the Master Answer and related procedures serve the interest of judicial efficiency, and Plaintiffs' attempt to nullify those procedures should be squarely rejected.

The master-pleading framework was a mutually beneficial bargain approved by the Court. Under the established framework, Plaintiffs need not prepare long-form complaints in every case, and 3M need not answer every

Short Form Complaint. That structure serves the "just and efficient conduct" of MDL proceedings. 28 U.S.C. § 1407(a). 3M consented to direct filing in reliance on it. If individual Plaintiffs may amend at will, 3M would be forced to file case-specific answers in response to an indeterminate number of unauthorized pleadings, and the administrative benefits of the master-pleading procedure would be lost. *See Gore*, 2024 WL 3564841, at *6.

## CONCLUSION

For the foregoing reasons, 3M respectfully requests that the Court grant its Motion, strike Plaintiffs' Amended Complaint (Dkt. 7) from the record, and order that Plaintiffs' Short Form Complaint, together with the Master Long Form Complaint, remains the operative pleading in this matter. 3M further requests that the Court proceed to decide 3M's pending Motion for Judgment on the Pleadings (MDL Dkt. 3847) on the operative pleadings.

Respectfully submitted,

Date: November 25, 2026

*s/John P. Mandler*

John P. Mandler (#0194438)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
john.mandler@faegredrinker.com

Benjamin W. Hulse (MN #0390952)
**NORTON ROSE FULBRIGHT US LLP**
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***